## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Steven R. Galson et al.

v.

Barbara Jean Brown

August 25, 1994

Case No. CL93-183

By Judge William H. Ledbetter, Jr.

The question presented is whether the plaintiff's $50,000.00 jury award should be set aside as excessive.

This litigation is the result of an automobile accident that occurred in Fredericksburg on November 1, 1991. The plaintiff, nine years old, sued by his next friend for personal injuries sustained in the collision. According to the plaintiff's evidence, the automobile in which the plaintiff was a passenger was struck by a vehicle driven by the defendant when the latter moved into the former's lane of travel from a secondary street. The plaintiff's primary injury was a laceration on his forehead, for which medical expenses of $1,589.25 were incurred. The evidence established that the resultant scar cannot be further diminished or eliminated.

The trial was conducted on August 5, 1994. Upon proper instructions and after arguments of counsel, the jury deliberated and returned a verdict in favor of the plaintiff in the amount of $50,000.00. The defendant moved the court to set the verdict aside as excessive or, in the alternative, to order remittitur. The court asked for memoranda and took the motion under advisement. Counsel have submitted memoranda.

A trial judge has the authority and duty to correct a verdict that is so excessive as to shock the conscience of the court or to compel the conclusion that the verdict or the size of it was the product of passion or prejudice or some misunderstanding of the facts or the law. However, a trial judge should not arbitrarily substitute his opinion of proper damages for that of the jury. Where the damages award is supported by some logical interpretation of the evidence as to damages, the verdict should not be

disturbed. *Hogan v. Carter*, 226 Va. 361 (1983); *Doe v. West*, 222 Va. 440 (1981); *Davenport v. Aldrich*, 207 Va. 217 (1966).

In this case, the real issue, in a nutshell, is the monetary value of a permanent scar on the face or forehead of a young boy. That question, as most questions involving the quantum of damages to which a plaintiff is entitled for a permanent personal injury, is for the jury. The jury observed the plaintiff. The jury heard the plaintiff's medical expert testify that the scar is permanent. Although the remains of the laceration are not hideous and do not cause "deformity" in the ordinary sense, the scar is nonetheless permanent, visible, and disfiguring. From the evidence, the jury could reasonably conclude that the scar will affect the plaintiff's future social and employment relationships and may have emotional impact on him for the rest of his life. Under these circumstances, the size of the verdict does not shock the conscience of the court.

As noted above, a trial judge cannot arbitrarily substitute his opinion as to the proper quantum of damages in a case involving a permanent personal injury. Even if the trial judge sitting as a member of the jury would have urged a different result, the jury verdict should stand if it is based on the evidence and proper instructions and is not so excessive as to shock the conscience of the court. Such is the case here.

Accordingly, the defendant's post-verdict motion will be denied, and the clerk will prepare a final order entering judgment on the jury verdict in favor of the plaintiff in the amount of $50,000.00, plus interest at the judgment rate from the date of the order.